**SCHWARTZ, Plaintiff-Appellee, v. SCHWARTZ, Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 285. Decided March 8, 1956.

John S. Bath, Pros. Atty., Washington C. H., for plaintiff-appellee.
Reed M. Winegardner, Washington C. H., for defendant-appellant.

## OPINION

By THE COURT:

Submitted on motion of appellee to dismiss appellant's appeal on questions of law and fact.

The appeal is from a decree of divorce and an award of alimony to appellee. The ruling on the question is controlled by §2501.02 R. C. as enacted at the last session of the Legislature, Amended Senate Bill No. 71, signed by the Governor and filed with the Secretary of State, July 5, 1955. The plaintiff's petition in this action was filed July 7, 1955, so that the new statute controls the procedure.

The foregoing section sets out the classes of action judgments in which are appealable on law and fact. There are ten such actions but divorce or alimony is not one of them. Divorce decrees were not, prior to the enactment of §2501.02 R. C., appealable on questions of law and fact because they were not suits cognizable by the courts of chancery. Such was the test.

The fact that the weight of evidence might be urged on appeal against the validity of the judgment from which the appeal was taken does not change the nature of the appeal. Such factual development on an appeal on questions of law is tested as upon review in which the right to weigh the testimony and determine the credibility of witnesses

is, in the first instance, accorded to the trial judge. In appeal on questions of law and fact, the case is in all particulars heard de novo.

The motion will be sustained. We find that the appellant may not be permitted to re-try the facts (§2505.23 R. C.), and the appeal will proceed as an appeal on questions of law. Appellant will be given 30 days after the journalizing of this opinion in which to have a Bill of. Exceptions settled and allowed in the trial court and filed in this Court, 10 days thereafter for brief, plaintiff 10 days for answer brief and defendant 5 days thereafter for reply brief.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.